■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LLOYD JACKSON, Appellant.— Judgment of conviction unanimously affirmed. The sole issue presented is the correctness of a decision made prior to a plea of guilty denying a motion to suppress certain evidence. Upon the hearing defendant sought to obtain the name of the informer whose recital of certain facts to a police officer resulted in the apprehension of the defendant with the resulting search and arrest in the hallway of an apartment building. There having been a nondisclosure of the identity of the informer we are required to search the record to ascertain if there is sufficient evidence apart from the communications of the informer to establish probable cause for the search prior to arrest and without a search warrant (*People* v. *Malinsky*, 15 N Y 2d 86). We find such independent corroborative evidence herein. The officer had been told by the informer that at a specified time a man described as to age, size and wearing apparel, accompanied by a young girl would deliver a quantity of narcotics to another in the rear hallway or apartment at a specified address. The officers there stationed themselves and defendant (fitting the description) arrived in the company of a young girl. Thus, before the search the officer "had personally verified every facet of the information given him by [the informer] except whether [defendant] had the * * * heroin on his person". (*Draper* v. *United States*, 358 U. S. 307, 313.) Then, by way of independent evidence on the issue of probable cause, there is proof that the officer, prior to the search, noticed "bulges" in a pocket of the outer coat worn by defendant. When questioned defendant attempted to flee from the building. Flight is a form of circumstantial evidence and is relevant if it tends to convince that the fact sought to be established is so. (*People* v. *Yazum*, 13 N Y 2d 302, 304.) While other motives may have prompted defendant to attempt to flee the proof was properly cast on the scales to support the conclusion that here there was probable cause for the search established by proof apart from the communications of the informer. Concur — Botein, P. J., Rabin, McNally, Eager and Bastow, JJ.